UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

TIANCAI LYU,
Petitioner,
v.
WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,
Respondents.

Case No. 5:26-cv-06920-KES

ORDER GRANTING THE PETITION AND ORDERING PETITIONER'S RELEASE FROM CUSTODY

On November 17, 2026, Tiancai Lyu ("Petitioner") filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging Petitioner's detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). The parties have consented to the jurisdiction of the Magistrate Judge. (Dkt. 7.)

The Petition raises the following claims: (1) Respondents violated Petitioner's procedural due process rights by detaining him without advance notice or a pre-deprivation hearing (Pet. at 6-11); and (2) Petitioner's detention violates his substantive due process rights because it serves no valid purpose, in that he is

not a flight risk or a danger to the community (id. at 11-12). The Petition seeks release from custody and an injunction preventing his re-detention absent a pre-deprivation hearing. (Id. at 12.)

On November 18, 2026, the Court issued its Standing Order for § 2241 Immigration Petitions, which stated in relevant part:

> **Failing to file an answer by the due date—or filing an answer that fails to substantively respond to any claim in the petition—may result in the Court granting the petition or claim as unopposed.** … Based on conversations between leaders at the U.S. Attorney's Office and the district court, the Court understands that in some cases, the U.S. Attorney's Office intends to indicate its lack of opposition by filing neither a notice of appearance nor an answer. As a result, the Court will assume that the government's failure to file a timely notice of appearance and/or an answer was not inadvertent, and the Court will not sua sponte extend those deadlines.

(Dkt. 6 at 2.)

Respondents' response to the Petition was due by November 24, 2026. (Dkt. 5 at 2, ¶ 3.) As of the date of this order, no response has been filed.

Based on the facts and law stated in the Petition, and in light of Respondents' lack of opposition, IT IS HEREBY ORDERED that:

1. The Petition is granted.
2. Respondents shall **immediately release** Tiancai Lyu (A# 242-529-380) from custody.
3. If Respondents have not released Petitioner **within three (3) days** of the date of this order, Petitioner may file a request for an order to show cause re contempt.
4. Respondents shall not re-detain Petitioner without providing Petitioner a pre-detention hearing before a neutral decisionmaker

where Respondents bear the burden of demonstrating by clear and convincing evidence that (a) Petitioner is a flight risk or a danger such that Petitioner's physical custody is required, or (b) on account of changed circumstances, there is a significant likelihood that Petitioner may be removed in the reasonably foreseeable future.

5. Respondents shall return all of Petitioner's personal belongings, including his passport, cellular phone, and car keys.[1]

DATED: November 25, 2026

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

[1] To the extent the Petition seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), Petitioner's counsel would need to file a post-judgment motion that complies with 28 U.S.C. § 2412(d)(1)(B).